UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAWNTAY GILL,

Plaintiff,

v.

JUSTIN MALLOW,

Defendant.

Case No. 1:22-cv-02077-SAG

______________________________________/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Defendant Justin Mallow ("Defendant Mallow") has moved for a protective order that seeks to restrict the disclosure of certain information responsive to the discovery requests issued by Plaintiff Shawntay Gill ("Mr. Gill") (ECF No. 32). Alternatively, Defendant Mallow requests that a hearing be held to allow the Court to perform an in-camera review of the information at issue to determine an appropriate disclosure method. Because Defendant Mallow has not set forth sufficient information that would allow Mr. Gill—or the Court—to adequately weigh the need for the information versus the harm in producing it,[1] Mr. Gill opposes the motion in part, as further explained below. Mr. Gill does not oppose, however, the alternative relief sought by Defendant Mallow. In further support of his partial opposition, Mr. Gill submits the following:

## I. BACKGROUND

Mr. Gill commenced this action on August 18, 2022, alleging that Defendant Mallow, a Senior Trooper with the Maryland State Police, violated his constitutional rights in the course of

[1] *See generally A Helping Hand, LLC v. Baltimore Cnty., Md.,* 295 F.Supp.2d 585, 592 (D. Md. 2003) ("[T]he Court must weigh the need for the information versus the harm in producing it.") (internal quotation marks omitted).

executing a search warrant on September 14, 2021. (ECF No. 1). On July 12, 2024, Mr. Gill served on Defendant Mallow additional requests for production of documents. Request No. 14 states: "Produce the documents Defendant Justin Mallow received from or sent to any other person since the filing of the Complaint concerning either the alleged injuries sustained by Plaintiff as a result of Defendant Justin Mallow's actions or Plaintiff's claims regarding the arrest that was carried out by Defendant Justin Mallow on September 14, 2021."

In accordance with Fed. R. Civ. P. 26(c)(1), counsel for Defendant Mallow contacted the undersigned by email to discuss their concerns with, among other things, producing the information responsive to Request No. 14 that involves a confidential informant. The undersigned noted that Mr. Gill would not object to the entry of a protective order that covered the information at issue,[2] but that "[w]e will need the document from the confidential source if it's responsive to Request No. 14[.]" Thereafter, Defendant Mallow filed his Motion for a Protective Order (ECF No. 32).

## II. LEGAL STANDARD

### A. Motion for a Protective Order under Rule 26(c)

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." A party can seek to limit the frequency or extent of discovery either by satisfying one of the criteria listed under Rule 26(b)(2)(B)—neither of which

[2] In a subsequent email, the undersigned clarified that Mr. Gill would not object to the entry of a protective order that restricted disclosure of the informant's information to only representatives of the undersigned's firm, under a confidentiality agreement that prohibits any further dissemination of the information, including dissemination to Mr. Gill himself. The undersigned reiterated that Mr. Gill would object to a protective order that prohibits the release of the responsive information entirely

is applicable here—or by moving for a protective order pursuant to Rule 26(c), as Defendant Mallow has chosen to do. "The standard for issuance of a protective order is high[,]" but the Court has broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Finkle v. Howard Cty., Md.*, No. 13-cv-3236-SAG, 2014 WL 6835628, at *1 (D. Md. Dec. 2, 2014) (citation omitted).

The party moving for a protective order bears the burden of establishing the requisite good cause for its entry. *Id.* (internal citation omitted). "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." *Finkle*, 2014 WL at *1 (quoting *UAI Tech., Inc. v. Valutech, Inc.,* 122 F.R.D. 188, 191 (M.D. N.C. 1988)). In other words, "the Court must weigh the need for the information versus the harm in producing it." *Id*. (quoting *A Helping Hand, LLC v. Baltimore Cnty., Md.,* 295 F. Supp. 2d 585, 592 (D. Md. 2003) (internal quotation marks omitted)).

## III. DISCUSSION

In his motion, Defendant Mallow argues that he has "serious concerns about the safety of this confidential information should the [information at issue] be release." (ECF No. 32, Defendant's Motion for Protective Order, ¶ 2). Defendant Mallow does not provide any other information that would allow Mr. Gill or the Court to adequately weigh whether the entry of a protective order is proper in light of Defendant Mallow's "serious concerns." That is, based on Defendant Mallow's motion alone, it's unclear how important (or relevant) the information at issue is to Mr. Gill's claims versus the potential harm that may result from producing it.

Nonetheless, as noted in the undersigned's email response to Defendant Mallow's counsel, Mr. Gill will agree to the entry of a protective order here, but not one that fully prohibits

the disclosure of the information in its entirety. Rather, Mr. Gill is willing to consent to a protective order that limits the disclosure of the information and renders the information confidential such that only the undersigned and members of his firm are permitted to review the information.

Alternatively, Defendant Mallow requests a hearing for the Court to conduct an in-camera review of the information to determine an appropriate disclosure method. Mr. Gill has no objection with this alternative request.

## IV. CONCLUSION

By reason of the foregoing, Mr. Gill respectfully requests that the Court deny Defendant's motion in part, and grant Mr. Gill such further relief as the Court deems just and proper.

Dated: August 28, 2024

Respectfully submitted,

*/s/ Jordan D. Howlette*

JORDAN D. HOWLETTE
D. Md. Bar No.: 21634
Managing Attorney
JD Howlette Law
1140 3rd St. NE
Washington, DC 20002
Tel: (202) 921-6005
Fax: (202) 921-7102
jordan@jdhowlettelaw.com
*Counsel for Plaintiff*