**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SHAWNTAY GILL, | * | |
| Plaintiff, | * | |
| v. | * | Case No. SAG-22-2077 |
| JUSTIN MALLOW, | * | |
| Defendant. | * | |

* * * * * * * * * * * *

**STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL**

Whereas, the parties have stipulated that certain discovery materials be treated as confidential and to be **viewed by counsel for both parties only**;

Accordingly, it is this _________ day of ______________________, 2024, by the United States District Court for the District of Maryland, ORDERED:

1. Designation of Discovery Materials as Confidential. Defense Discovery Documents Bates #_____ and # ________ shall be subject to this Order concerning confidential information, as set forth below:
   (a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word “CONFIDENTIAL”.
   (b) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (c) below for any purposes whatsoever other than preparing for and conducting litigation in which the information or documents were disclosed (including appeal).
   (c) Counsel for the parties shall not disclose or permit disclosure of any documents or information designated as confidential under this Order to any other person or entity,

including Plaintiff, except that disclosures may be made in the following circumstances:

i. Disclosure may be made to counsel or employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the document and information be held in confidence.

ii. Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(d) Except as provided in subparagraph (c) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(e) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof shall immediately be affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. Confidential Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11.

3. Party seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party

claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26 (c).

4. Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon a motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

5. Return of Confidential Materials at Conclusion of Litigation. At the conclusion of the litigation, all material treated as confidential under the Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the materials may be destroyed instead of being returned. The Clerk of Court may return to counsel for the parties, or destroy, and sealed materials at the end of any litigation, including any appeals.

Dated: September 16, 2024

/S/
Amy E. Hott (Bar No. 27823)
Jennifer Ann Jaskulski-Tripp (Bar No. 30796)
Assistant Attorneys General
1201 Reisterstown Road
Pikesville, Maryland 21208
(410) 653-4452 (telephone)
(410) 653-4270 (facsimile)

*/s/ Jordan D. Howlette*
JORDAN D. HOWLETTE
D. Md. Bar No.: 21634
Managing Attorney
JD Howlette Law
1140 3rd St. NE
Washington, DC 20002
Tel: (202) 921-6005
Fax: (202) 921-7102
jordan@jdhowlettelaw.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT JUDGE