IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAWNTAY GILL,

      Plaintiff,

      v.                                Civil Case No.: SAG-22-02077

JUSTIN MALLOW,

      Defendant.

## MEMORANDUM OPINION

This civil rights lawsuit arises from interaction between Plaintiff Shawntay Gill and police officers on September 14, 2021. Plaintiff alleges that a particular officer, Trooper Justin Mallow ("Defendant"), engaged in assaultive conduct that violated Plaintiff's federal constitutional rights under the Fourth and Fourteenth Amendments and his corresponding state constitutional rights.[1] Defendant now seeks summary judgment. ECF 42. With the assistance of court-appointed counsel, Plaintiff opposed the motion, ECF 45, and Defendant filed a reply. ECF 46. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, there is a genuine dispute of material fact hinging on witness credibility, and Defendant's Motion for Summary Judgment therefore must be denied.

---

[1] Plaintiff's complaint, which was filed while he was self-represented, is not a model of clarity as to the nature of his state law claims, which he defines generally as "Count Two." Construing the *pro se* pleading liberally, this Court views Count Two as asserting a state common law assault claim. *See* ECF 1 ¶ 27 (referring to "assault in the first and second degree."). Count Two also refers to "Maryland law prohibiting sworn Police officers therefrom use of unnecessary and excessive force," ECF 1 ¶ 28, which this Court reads as asserting a Maryland constitutional claim. Article 26 of the Maryland Declaration of Rights is construed *in pari materia* with the Fourth Amendment, *Richardson v. McGriff*, 361 Md. 437, 762 A.2d 48, 56 (2000), so the Court will consider Plaintiff's federal and state excessive force claims together.

I.  **BACKGROUND**

In evaluating a motion for summary judgment, this Court considers the facts in the light most favorable to Plaintiff as the non-moving party. Plaintiff testified that on September 14, 2021, during the execution of a search and seizure warrant, Defendant subjected him to an invasive and unnecessary partial strip search, punched him, shoved him to the ground, held what Plaintiff believed to be a firearm to his head, and used racial slurs. ECF 42-10. Plaintiff testified that he suffered and continues to suffer extensive injuries as a result of his interactions with Defendant on that date, including hip injury, back injury, a broken nose, sciatic nerve injury, anxiety, and emotional distress. ECF 42-9 at 7–8, ECF 42-10. Other than Plaintiff's own testimony, he offers only (1) deposition testimony from one witness, Kate Guthrie, who was not present at the scene or its aftermath and whose testimony largely consists of inadmissible hearsay, ECF 45-2; and (2) a medical report from the day following the incident reflecting Plaintiff's treatment for three "brush burn" injuries to his right elbow. ECF 45-3; 45-4. No other injuries are mentioned in the report.

In contrast, Defendant testified that he had no interaction with Plaintiff whatsoever during execution of the search warrant and that all of Plaintiff's contact was with other law enforcement officers, both inside and outside the home. ECF 42-3 at 18–19, 21–23. Defendant avers that he did not interact with Plaintiff at all until he tendered some paperwork to Plaintiff at the jail later that day. *Id.* at 21–23. Defendant offers the testimony of four other police officers (Officer Bronson Becker, Sergeant Donald Jenkins, Corporal Michael Brown, and Sergeant Sidney Bittinger) who were at the scene and corroborate the lack of any interaction (physical or otherwise) between Defendant and Plaintiff inside or outside the home. *See generally* ECF 42-4, ECF 42-5, ECF 42-6, ECF 42-7. Defendant also offers extensive medical records undermining

Plaintiff's claim to have suffered myriad injuries on September 14, 2021, including records from the very next day reflecting that he had no serious injuries or wounds. ECF 42-12.

## II. LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material fact. *See Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id.* at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348–49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case

"necessarily renders all other facts immaterial." *Id.* at 352 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) (unpublished)). In ruling on a motion for summary judgment, a court must view all the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

### III. DISCUSSION

This case explores the boundaries of the well-established tenet that this Court must not engage in credibility assessments when adjudicating a summary judgment motion. The law is clear that "[s]ummary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." 10A Charles Alan Wright & Arthur R. Miller et al., Federal Prac. & Proc. § 2728 (3d ed. 1998). This Court is not permitted to weigh the evidence or make credibility determinations. *Mercantile Peninsula Bank v. French (In re French)*, 499 F.3d 345, 352 (4th Cir. 2007) (citing *Anderson v. Liberty Lobby*, 477 U.S. at 255); *see also* Fed. R. Civ. P. 56 Advisory Committee's Note (1963) ("Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate."). Simply put, credibility is an issue for the jury, not the court.

Nevertheless, Defendant urges this Court to rule that no reasonable jury could find in Plaintiff's favor. He suggests that the record as a whole would preclude a verdict for Plaintiff. Defendant correctly notes that he has adduced evidence from a plethora of witnesses establishing that he had no interaction with Plaintiff during the search warrant execution, while Plaintiff offers only his own version of the events without any independent corroboration of his

testimony. Defendant also notes a number of persuasive reasons to doubt Plaintiff's credibility, including but not limited to the meaningful discrepancies between Plaintiff's deposition testimony and the version of the events he set forth in his complaint, the lack of any medical evidence to support Plaintiff's more significant allegations of physical abuse and injury, and conflict between some of the facts Plaintiff alleges and uncontested facts.[2]

Defendant contends that in light of the overwhelming evidence contradicting Plaintiff's sworn statements, no "reasonable jury" could credit Plaintiff's version of the events. It is true that in some very limited circumstances, courts have allowed a certain quantum of evidence to seemingly overrule the general rule that the non-movant's version of events must be taken as true. For example, the Supreme Court has held, "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 378 (2007). In *Scott,* the plaintiff's version of events was "blatantly contradicted" by uncontested video evidence of what took place. *Id.* But, short of uncontroverted video evidence, the precise definition of "blatant contradiction" that would allow a court to reject a non-movant's version of the facts has never been articulated with any precision.

The Fourth Circuit has held that uncorroborated "self-serving opinion" is insufficient to defeat summary judgment. *See CTB, Inc. v. Hog Slat, Inc.*, 954 F.3d 647, 658–59 (4th Cir. 1010) (quoting *Williams v. Giant Food Inc.*, 370 F.3d 423, 433 (4th Cir. 2004)). But here, Plaintiff does

---

[2] For example, Plaintiff alleges in his Complaint that Defendant told him he was intentionally turning off his body-worn camera, ECF 1 at 25, but now concedes that neither Defendant nor any other officers involved in the search warrant execution had been issued body-worn cameras at all. ECF 45 at 4. It is thus doubtful that Defendant would have made the statement Plaintiff alleges.

5

not offer an "opinion" about what happened on September 14, 2021. Instead, he offers firsthand testimony about what he observed and experienced. When testimony is :based on personal knowledge or firsthand experience, [it] can be evidence of disputed material facts," even if it is "uncorroborated" and "self-serving." *Lovett v. Cracker Barrel Old Country Store, Inc*., 700 F. App'x 209, 212 (4th Cir. 2017). As the Fourth Circuit has recognized, "a great deal of perfectly admissible testimony fits" the description of "self-serving." *Cowgill v. First Data Technologies, Inc*., 41 F.4th 370, 383 n.8 (4th Cir. 2022) (internal quotation marks omitted) (citation omitted).

Defendant plainly asks this Court to engage in an evaluation of Plaintiff's credibility—to rule that because there is so much evidence contravening Plaintiff's version of the events, his eyewitness account is not credible. But while it may be unlikely, it is not impossible that a potential jury could find Plaintiff's testimony to be credible and could disbelieve the five officers' contrary testimony. The credibility-impugning evidence in this case is not as infallible as the video evidence in *Scott* and, in this Court's view, does not mandate wholesale discounting of Plaintiff's testimony about the events he experienced. Taking the evidence in the light most favorable to Plaintiff, as this Court must, a reasonable juror could find that Defendant engaged in the conduct Plaintiff described.[3]

Finally, Defendant proffers that he is entitled to qualified immunity. Because this Court has found that Plaintiff has created a genuine dispute of material fact as to whether Defendant violated Plaintiff's constitutional rights, this Court must next determine whether those rights were clearly established. *Harlow v. Fitzgerald*, 467 U.S. 800, 818 (1982); *Pearson v. Callahan*, 55 U.S. 223, 232 (2009). The question is whether the officer's "conduct [was] objectively reasonable under the circumstances." *Raub v. Campbell*, 785 F.3d 876, 881 (4th Cir. 2015). If

---

[3] Plaintiff's assault claim also survives summary judgment, as it too rests on whether a jury believes Plaintiff's or Defendant's version of the events of September 14, 2021.

Plaintiff's version of events were to be believed, the facts would establish the gratuitous, unnecessary, and potentially malicious use of force by the Defendant. No reasonable officer would believe that conduct to be constitutional. This Court will therefore again reject the Defendant's qualified immunity defense at this juncture, leaving the question of Defendant's involvement in this alleged incident to the jury.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment, ECF 42, will be denied. A separate Order follows.

Dated: January 21, 2025                                    /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge